_____

No. 96-1057
_____

Eddie Williams,                        *
                                       *
            Appellant,                 *
                                       *  Appeal from the United States
      v.                               *  District Court for the
                                       *  Western District of Missouri.
Knob Noster School District,           *
                                       *     [UNPUBLISHED]
            Appellee.                  *


_____

            Submitted:  October 4, 1996

              Filed:  October 8, 1996
_____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
_____

PER CURIAM.


      Eddie Williams, a custodian at Knob Noster School District, brought
this action under 42 U.S.C. § 1981, claiming that the district
intentionally discriminated against him based on his race when it failed
to promote him to head custodian in 1994.  The district court[1] granted
summary judgment in favor of Knob Noster and denied Williams's subsequent
motion for reconsideration.  Williams appeals both orders; we affirm.


      As Williams offered no direct evidence of discrimination, the
district court properly analyzed his case under the three-stage

_____

      [1]The HONORABLE JOHN T. MAUGHMER, United States Magistrate
Judge for the Western District of Missouri, to whom the case was
referred for final disposition by consent of the parties pursuant
to 28 U.S.C. § 636(c).

analysis outlined in <u>McDonnell Douglas v. Green</u>, 411 U.S. 792 (1973), and Williams's arguments to the contrary are without merit.  <u>See</u> <u>Shannon v. Ford Motor Co.</u>, 72 F.3d 678, 682 (8th Cir. 1996).  We assume, as the district court did, that Williams established a prima facie case of race discrimination.

The burden of production then shifted to Knob Noster to rebut the presumption of discrimination with evidence that Williams was rejected for a legitimate, nondiscriminatory reason.  <u>See</u> <u>id.</u>  We conclude Knob Noster sufficiently made such a showing in its motion for summary judgment, providing documentation demonstrating Williams's attendance and performance deficiencies, as well as affidavits from the relevant decisionmakers expressing concern about Williams's ability to supervise and lead others.

When Knob Noster rebutted Williams's prima facie case of discrimination, Williams then had the burden to come forward with evidence which, if believed, would establish that intentional discrimination was the true reason for Knob Noster's adverse employment action.  After careful review of the summary judgment record, and *de novo* review of the district court's decision, we agree that summary judgment was appropriate because Williams failed to present a submissible case of discrimination.  His contention that <u>St. Mary's Honor Center v. Hicks</u>, 113 S. Ct. 2742 (1993), does not permit the grant of summary judgment in favor of an employer in these circumstances is contrary to the law of this circuit.  <u>See</u> <u>Krenik v. County of Le Sueur</u>, 47 F.3d 953, 958-60 (8th Cir. 1995).  Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-